DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MADINAH ALOMAR,                             :

                    Plaintiff Pro Se,   :

      -against-                     :

                                  :

LIEUTENANT RECARD ET AL,
                                  :

                    Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07 Civ. 5654 (WHP)

ORDER

WILLIAM H. PAULEY III, District Judge:

        By application, filed December 30, 2005, Plaintiff pro se Madinah Alomar ("Plaintiff") requests appointment of counsel. This case was assigned to this Court following Plaintiff's filing of a complaint on June 14, 2007.

        Unlike criminal defendants, indigents filing civil actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel. In determining whether to grant Plaintiff's request for counsel, this Court must consider:

> the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel.

Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). As a threshold matter, Plaintiff must demonstrate that his claim has substance or a likelihood of success. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). In addition, in reviewing a request for counsel, the court must be cognizant of the fact that volunteer attorney time is a precious commodity, and thus should not grant appointment of counsel indiscriminately. Cooper, 877 F.2d at 172.

A more fully developed record will be necessary before this Court can determine if Plaintiff's chances of success warrant the appointment of counsel. Therefore, Plaintiff's application is denied without prejudice to its renewal at such time as the existence of potentially meritorious claims may be demonstrated.

This Court reminds Plaintiff that the Pro Se Office is a valuable resource in assisting litigants, such as Plaintiff, who proceed in federal court without the assistance of counsel. The Pro Se Office may be contacted at:

> Pro Se Office
> Southern District of New York
> 500 Pearl Street, Rm. 230
> New York, New York 10007
> (212) 805-0175

Dated: November 8, 2007
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copy mailed to:*

Madinah Alomar
No. 06-G-0424
Albion Correctional Facility
3595 State School Rd.
Albion, NY 14411-9399
*Plaintiff Pro Se*

2