UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MADINAH ALOMAR,

                Plaintiff,                07 Civ. 5654 (CS)(PED)

- against -                            **REPORT AND**
                                                           **RECOMMENDATION**

LT. RECARD, et al.,

                Defendants.

-------------------------------------------------------------X

## TO:   THE HONORABLE CATHY SEIBEL
##         UNITED STATES DISTRICT JUDGE

### I.   INTRODUCTION

On June 14, 2007, Plaintiff commenced this action, alleging violations of her civil rights by the Middletown Police Department and various named and unnamed individual officers. *See* D.E. 2. On December 11, 2009, Defendants moved to dismiss Plaintiff's Complaint for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). D.E. 23. For the reasons set forth below, I respectfully recommend that Defendants' motion be **GRANTED.**

### II.   BACKGROUND

Plaintiff filed her complaint in this action in June, 2007. On November 1, 2007, Defendants filed an answer. The Honorable William H. Pauley, III, United States District Judge, scheduled an initial conference in the matter for December 14, 2007, but, prior to that date, the case was transferred to White Plains. *See* D.E. 12-13. The Honorable Charles L. Brieant, United States District Judge, was assigned the case. *See* D.E. 17. On December 18, 2007, Judge Brieant referred the matter to Magistrate Judge Mark D. Fox for all purposes. *See* D.E. 16. On August

Page 1

5, 2008, the case was transferred from Judge Brieant to the Honorable Cathy Seibel, United States District Judge. *See* D.E. 20. The Order of Reference was then reassigned to the undersigned on January 12, 2009. *See* D.E. 21. No initial conference has been held.[1]

Between July 23, 2007, and March 5, 2008, Plaintiff notified the Court four (4) times that she had changed her address. *See* D.E. 3, 10, unnumbered Docket Entries dated February 27, 2008 and March 5, 2008. The most recent address provided by Plaintiff (March 2008) was for a jail in the Commonwealth of Virginia. In his affidavit in support of the instant motion to dismiss, Defendants' counsel reports that he has "had no further communication from Plaintiff" since he learned that she was incarcerated in Virginia. Defendants' counsel advised my staff in February, 2009, that Plaintiff was no longer incarcerated in Virginia.[2]

On October 14, 2009, I issued an order directing Plaintiff to notify the Court of her current address no later than November 16, 2009. D.E. 22. (A copy of the October 14, 2009 order is attached to the Report and Recommendation.) Copies of that order were mailed to each address provided by Plaintiff throughout this the litigation. Each mailing was returned to the Court as undeliverable. *See* Unnumbered Docket Entries dated October 21, 22, 26, 27, November 13, 2009. Plaintiff has failed to contact this Court for more than twenty-one (21) months, since March 8, 2008, and the Court has no valid address through which to contact her.

---

[1] The chambers file contains a copy of a letter from Plaintiff to the pro se office and defense counsel, dated February 18, 2008, which was forwarded to Judge Fox by defense counsel. The letter reports that Plaintiff was "currently incarcerated in Hampton City Jail" and would "not be back in N. Y. until April sometime." The letter further states that Plaintiff "ha[s] a court date on March 4, 2008 @ 9 AM in the White Plains Court." That conference apparently never took place.

[2] My staff has sought, without success, to locate Plaintiff through the inmate locator websites for both New York and Virginia correctional authorities, checking under Plaintiff's name as well as her alias, "Sharon Henderson." This Court's *pro se* office reports that they have no current address for Plaintiff and are unable to locate her.

Page 2

### III. DISMISSAL PURSUANT TO FED. R. CIV. P. 41(b)

The Second Circuit has held that a court must consider the following factors in ruling on a Rule 41(b) motion, none of which is dispositive: (1) the duration of the plaintiff's failure to prosecute her case; (2) whether the plaintiff was on notice that delay would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether a lesser sanction would be effective. *See United States ex rel. Drake v. Norden Sys.* 375 F.3d 248, 254 (2d Cir. 2004).

The first factor weighs in favor of dismissal because this case has lain dormant for nearly two years, and the Court of Appeals has found delays of only six or seven months to be significant under Rule 41(b). *See*, e.g., *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980). As to the second factor, the Court has attempted to place Plaintiff on notice but has no means of doing so. "[A]s this Court has no current address for plaintif[f], any attempt to further warn plaintif[f] of [her] responsibilities and the consequences of [her] continued failure to prosecute this action would be futile." *Lukensow v. Harley Cars*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989). The third factor also weighs in favor of dismissal because when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As to the fourth factor, relating to docket management, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Davison v. Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. 2006). The fifth factor also weighs in favor of dismissal because, as stated by another court, "no lesser sanction would be effective, since petitioner

would be unaware that any sanction had been imposed." *Lewis v. Power*, 2007 U.S. Dist. LEXIS 3363, at *4 (W.D.N.Y. 2007).

The duty to inform the Court and defendants of any change of address is "an obligation that rests with all *pro se* plaintiffs." *Handlin v. Garvey*, 1996 WL 673823, at * 5 (S.D.N.Y. 1996). In view of Plaintiff's failure to comply with this obligation or otherwise participate in this litigation and the Court's inability to locate Plaintiff for nearly a year, it is recommended that this action should be dismissed with prejudice for failure to prosecute.

### IV.  CONCLUSION

For the reasons set forth above, I respectfully recommend that Defendants' Motion to Dismiss Plaintiff's Complaint be **GRANTED**.

### V.  NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of seventeen (17) days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: December 16, 2009
White Plains, N.Y.

Respectfully submitted,

PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MADINAH ALOMAR,

                              Plaintiff,                  07 Civ. 5654 (CS)(PED)

          - against -                            ORDER

LT. RECARD, et al.,

                              Defendants.
------------------------------------------------------------X

PAUL E. DAVISON, U.S.M.J.:

      The docket in this matter indicates that Plaintiff last submitted a change of address on or about March 5, 2008, indicating the she was confined at Hampton Roads Regional Jail in Portsmouth, Virginia. It appears that Plaintiff is no longer confined at that facility. Plaintiff is therefore directed to notify Court and counsel for Defendants of her current address **no later than November 16, 2009**. Failure to comply with this Order may result in dismissal of Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). A copy of this Order shall be sent to all known addresses submitted to the Court by Plaintiff since commencement of this litigation.

SO ORDERED.

Dated: White Plains, New York
          October 14, 2009

                                                        Paul E. Davison
                                                        United States Magistrate Judge